Bryan COFFMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–88–890–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 9, 1989.

Lois McCarnes, Houston, for appellant.

Jeannine Southwick, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant was indicted for the felony offense of carrying a weapon on school premises. Upon motion of the State, the trial court reduced the charge to a class A misdemeanor. Appellant entered a plea of no contest and waived his right to a jury trial. The trial court convicted him of the misdemeanor offense and assessed punishment at confinement in county jail for one year, probated. We affirm.

■■■ In his sole point of error, appellant contends the trial court erred in overruling his pretrial motion to suppress evidence. He contends the search was in violation of Tex.Code Crim.Proc.Ann. art. 14.-01(a) (Vernon 1977) which provides:

(a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

Because we find evidence in the record giving rise to a reasonable suspicion that appellant had committed a criminal offense, we overrule his sole point of error.

Appellant was a student at Lamar High on the date of the offense. Bart Busker, an assistant principal, testified he saw appellant in the hallway when he should have been in class. Busker stated he knew appellant because he had disciplined him on three or four prior occasions. He testified he walked towards appellant and asked him to produce a hall permit (permission to be out of class or late to class). Appellant ignored him and continued walking. Busker approached appellant and again asked for a hall pass. He testified appellant then jumped back and clutched his book bag. As Busker continued to ask appellant for a hall permit or a reason for being in the hall, appellant continued walking, placed his book bag behind him and became "excited and aggressive."

Appellant finally stopped and told Busker he had just returned from the parking lot. Busker knew that the parking lot was the site of recent thefts. Because of appellants' actions and responses, Busker became suspicious about possible criminal activity and asked appellant to open the bag. Busker testified that when he told appellant of his suspicion, appellant tried to push past him to get away. Busker then threatened to call the police if appellant refused to open the bag. Appellant agreed to relinquish the bag only if Busker would not open it in the hall. Busker then took the bag and suggested they go to his office to open it. As they walked down the hall, appellant lunged at Busker and tried to take the bag from him. Busker held onto the bag and held appellant's arm as they continued walking. Once in his office, Busker opened the bag, discovered a .22 caliber pistol, and called the police.

Appellant contends he was *unlawfully* "arrested" when Busker asked him to open his book bag. We disagree. Tex.Code Crim.Proc.Ann. art. 15.22 (Vernon 1977), provides:

A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant.

See also *Brewster v. State*, 606 S.W.2d 325 (Tex.Crim.App.1980).

Based on appellant's prior propensity to get into trouble, coupled with the fact that he was in the hall without a pass and returning from an area where thefts had previously occurred, Busker formed the very reasonable suspicion that appellant was involved in something illegal, or had violated school rules, and was trying to hide it. Appellant contends these facts do not support a reasonable suspicion that appellant had committed an offense warranting the restraint and subsequent search. We disagree.

The United States Supreme Court promulgated the "reasonableness" requirement of a search of a student by a public school official when the majority opined:

> ... *the legality of a search should depend simply on the reasonableness under all the circumstances of the search.* Determining the reasonableness of any search involves a twofold inquiry. First, one must consider "whether the ... action was justified at its inception," [Citation omitted]; second, one must determine whether the search as actually conducted "was reasonably related in scope to the circumstances which justified the interference in the first place." [Citation omitted] Under ordinary circumstances, a search of a student by a teacher or other school official will be "justified at its inception" when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.

*Irby v. State*, 751 S.W.2d 670, 673 (Tex. App.—Eastland 1988) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 326, 327, 105 S.Ct. 733, 735, 735, 83 L.Ed.2d 720 (1985) (emphasis added).

We find that Busker had reasonable grounds for suspecting the search would turn up evidence that appellant was violating the law or school rules. We also find that the search was reasonable and not excessively intrusive. Busker testified that upon opening the bag and discovering the firearm, he did not attempt to search appellant's person or the remaining contents of the book bag. Instead, he ceased the search and contacted the police; hence, we find the scope of the search was reasonable and not excessively intrusive.

We consider unpersuasive appellant's argument articles 14.01 and 15.22 place a greater burden on public school officials than the Fourth Amendment does. We find Busker acted properly by stopping appellant and asking him for a hall permit. We also find the events that followed Busker's routine questions justified appellant's prompt detention and subsequent search of the bag. As Justice Blackmun stated in his concurring opinion in *New Jersey v. T.L.O.*, "The special need for an immediate response to behavior that threatens either the safety of schoolchildren and teachers or the educational process itself justifies the Court in excepting school searches from the warrant and probable-cause requirement." *New Jersey v. T.L.O.*, 469 U.S. 325, 353, 105 S.Ct. 733, 749, 83 L.Ed.2d 720 (1985).

We affirm the judgment of the trial court.