**Jose Eduardo CORONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–065–CR.**

Court of Appeals of Texas,
Texarkana.

March 12, 1991.

Gregorio Velasquez, Houston, for appellant.

Roger L. Ezell, Asst. Dist. Atty., Galveston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Jose Eduardo Coronado appeals his conviction for possession of a controlled substance. After the trial court denied his motion to suppress, Coronado entered a plea of no contest to the charge of possession of a controlled substance. The court found him guilty. The primary issue on appeal is whether the trial court properly overruled Coronado's motion to suppress certain evidence which he maintains resulted from an illegal search. We find no error and affirm the judgment of the trial court.

Coronado was a student at Clear Creek High School. On the day in question, he told the secretary to Kim Benning, the assistant principal, that he was leaving school to attend his grandfather's funeral. Benning then saw Coronado at a pay phone outside the building and asked him to come inside. Based on a complaint that he had received the previous week from another student that Coronado was trying to sell him drugs, Benning suspected that Coronado did not have a legitimate reason for leaving school. Benning requested that Ernest Randall, a deputy sheriff who was permanently assigned to the school, come to his office with him. In Randall's presence, he asked Coronado whether there was a parent or guardian with whom he could speak in order to verify Coronado's reason for leaving school. Although Coronado answered that no one could be reached, Benning telephoned his mother, who related that Coronado's grandfather had not died. Benning asked Coronado what type of car he drove to school, and Coronado answered that he did not drive. Benning searched him and found car keys. Coronado then said that he drove a 1979 Camaro that was parked off of the school campus. Benning learned, however, that Coronado drove a 1981 Buick and that it was parked on school property. Benning asked Randall to search the parking lot for the car. Coronado then volunteered to take the two men to the car and told Benning that it would be all right for him to search the car. Coronado opened the car at Benning's request. At that point Randall conducted the rest of the search. Coronado opened the trunk at Benning's request and the men found what appeared to be marihuana, two baggies containing a white substance, and weighing scales.

 Coronado contends that the trial court improperly overruled his motion to suppress the evidence since the search was conducted without probable cause. The search about which he complains occurred on school property. Although the fourth amendment's prohibition against unreasonable searches and seizures applies to searches conducted by public school officials, strict adherence to its probable cause requirement is not required. *New Jersey v. T.L.O.*, 469 U.S. 325, 341, 105 S.Ct. 733, 742, 83 L.Ed.2d 720 (1985); *Coffman v. State*, 782 S.W.2d 249, 251 (Tex.App.–Houston [14th Dist.] 1989, no writ); *Irby v. State*, 751 S.W.2d 670, 673 (Tex.App.–Eastland 1988, no writ). The legality of the search of a student by a school official depends simply on the reasonableness, under all the circumstances, of the search. *New Jersey v. T.L.O.*, 469 U.S. at 342, 105 S.Ct. at 743; *Coffman v. State*, 782 S.W.2d at 251; *Irby v. State*, 751 S.W.2d at 673. This same standard applies when school officials conduct the search in question in conjunction with, but not at the behest of, police officers who are assigned to the school. *Cason v. Cook*, 810 F.2d 188, 193 (8th Cir.), *cert. denied*, 482 U.S. 930, 107 S.Ct. 3217, 96 L.Ed.2d 704 (1987). In situations where reasonable suspicion is required, determining the reasonableness of the search is a two-fold inquiry. The search must first be justified at its inception. *Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Livingston v. State*, 739 S.W.2d 311, 326–

**304**

27 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex.Crim.App.1987). Additionally, the search as actually conducted must be reasonably related in scope to the circumstances which justified the initial interference. *Terry v. Ohio*, 392 U.S. at 20, 88 S.Ct. at 1879; *Meeks v. State*, 653 S.W.2d 6, 12 (Tex.Crim.App.1983).

■ The search of a student by a school official is justified at its inception when there are reasonable grounds for suspecting that the search will uncover evidence that the student has violated or is violating either the law or the rules of the school. *New Jersey v. T.L.O.*, 469 U.S. at 341–42, 105 S.Ct. at 742–43; *Coffman v. State*, 782 S.W.2d at 251; *Irby v. State*, 751 S.W.2d at 673. The search is permissible in its scope when the measures adopted are reasonably related to the objectives of the search in light of the age and sex of the student and the nature of the infraction. *New Jersey v. T.L.O.*, 469 U.S. at 342, 105 S.Ct. at 743; *Coffman v. State*, 782 S.W.2d at 251; *Irby v. State*, 751 S.W.2d at 673. Whether a search is reasonable under the fourth amendment must be decided on a case-by-case basis. *Adkins v. State*, 717 S.W.2d 363, 365–66 (Tex.Crim.App.1986).

■ In this case, another student had told Benning the previous week that Coronado was trying to sell him drugs. On the day of the search, Benning determined that Coronado's excuse for leaving school was not valid before any search took place. The search of Coronado, his locker, and his automobile all took place on school property and were instigated by a school official. Under these circumstances, we conclude that the search was justified and reasonable and that the trial court properly admitted the evidence obtained as a result of the search.

We affirm the trial court's judgment.