Lawrence WILCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00255–CR.

Court of Appeals of Texas, El Paso.

April 7, 1994.

Kenneth R. Poland, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Houston, for state.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of possession of marijuana in an amount under two ounces. The Appellant

pled guilty and the court assessed punishment at 60 days' confinement in the county jail. In the Appellant's sole point of error, he asserts that the trial court erred in overruling his motion to suppress the contraband. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

During the suppression hearing, the State utilized the testimony of Ann George, a police officer for the Houston Independent School District. She was assigned to Madison Senior High School; her duties entailed quelling disturbances and generally carrying out the various school policies applicable to her job assignment.

On May 20, 1993, a school administrator told Officer George to bring the Appellant to his office because of a report that the Appellant was carrying a .25 automatic pistol. She could not locate the Appellant that day but she did encounter him the next day at about 8:00 a.m. Officer George told him to go to the school administrator's office. She learned that he did not go to the office. She saw him on the physical education field at approximately 9:30 a.m. and took him to the school administrator's office. Officer George related that the Appellant was supposed to be in class at the time. He was seventeen years old at the time these events took place.

Upon arrival at the administrator's office, he closed the door and Officer George asked the Appellant to empty his pockets. The Appellant produced a pager, a cigarette lighter, $1,131 in currency and two small bags of marijuana. Officer George called the Houston Police Department and Officer Robert Willis arrived. Willis searched the Appellant and found a sandwich bag full of marijuana.

Officer George testified that she had two reasons for taking the Appellant to the school administrator's office. He was brought to the office in response to the report given the preceding day that the Appellant was carrying a pistol. Secondly, it appeared that the Appellant was skipping class.[1] Regarding the first reason, Officer

---

1. The record indicates that it was apparently school policy to bring students skipping class at

certain times before a holiday or close to the end of the school year to the office and have them

George stated that while she never "patted-down" the Appellant and did not observe anything indicating the Appellant was armed, she believed the Appellant might be armed based upon the report she received.

## II. *DISCUSSION*

■ While carrying out searches and other disciplinary functions pursuant to school policies, school officials act as representatives of the State and the strictures of the Fourth Amendment apply to their actions. *New Jersey v. T.L.O.,* 469 U.S. 325, 336–37, 105 S.Ct. 733, 740, 83 L.Ed.2d 720 (1985); *Coronado v. State,* 835 S.W.2d 636, 639 (Tex.Crim.App. 1992). However, in *T.L.O.,* the Supreme Court reasoned:

> [T]he accommodation of the privacy interests of school children with the substantial need of teachers and administrators for freedom to maintain order in the school does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law. Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search.

*T.L.O.,* 469 U.S. at 341, 105 S.Ct. at 742.

■ The courts utilize a two-prong test to determine the reasonableness of a search:

> First, a court must determine whether the search was justified at its inception. A search of a student by a teacher or school official is justified at its inception when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated, or is violating, either the law or the rules of the school. Second, a court must determine whether the search, as actually conducted, was reasonably related in scope to the circumstances which justified the interference in the first place. A search is permissible in its scope when the measures adopted and used are reasonably related to the objectives of the search and are not excessively intrusive in light of the age and

sex of the student and the nature of the infraction. *See, T.L.O.,* 469 U.S. at 339–341, 105 S.Ct. at 742–743.

*Coronado v. State,* 835 S.W.2d at 640.

■ The Appellant cites the *Coronado* case in support of his contention that the scope of search was overly intrusive in light of the nature of the infraction. In *Coronado,* an assistant principal, Kim Benning, received information that the defendant attempted to sell drugs to another student. After questioning, the assistant principal patted down the defendant and had him turn his pant pockets inside-out, remove his shoes, and pull down his pants. The search produced no contraband although the defendant had $300.00 cash in his possession. When queried whether he sold drugs on campus, the defendant responded, "Not on campus." *Coronado v. State,* 835 S.W.2d at 637.

Eight days later the school secretary informed the assistant principal that the defendant was leaving school at 9:30 to attend his grandfather's funeral. The assistant principal suspected the defendant's motives in leaving school and when he saw him at an outside pay phone, he asked him to come into the school. A phone call to the defendant's relatives revealed that his grandfather was not deceased. The defendant was evasive about whether he drove a car to school and the make of the car. The assistant principal stated he was investigating a possible truancy. He patted down the defendant and caused him to remove his shoes and socks. The defendant was told to pull down his pants. No contraband was found. Benning and a sheriff's deputy assigned to the school then searched the defendant's locker but, again, no contraband was discovered. The assistant principal, the sheriff's deputy and a school security guard then located the defendant's car. The defendant was told to open the car and a white powder, a triple beam balance and marijuana was found in the trunk. *Coronado v. State,* 835 S.W.2d at 637–39.

The Court of Criminal Appeals held:

empty their pockets. This apparently served as a deterrent effect upon truancy as well as a safety measure.

We believe the first prong of *T.L.O.* is met. Benning had reasonable grounds to suspect that appellant was violating school rules by "skipping." Therefore, Benning had reasonable grounds to investigate why appellant was attempting to leave school and was justified in "patting down" appellant for safety reasons. However, the subsequent searches violated the second prong of *T.L.O.* The searches were not reasonably related in scope to the circumstances which initially justified Benning's interference with appellant, i.e., Benning's suspicion of appellant's skipping school. Nor were the searches reasonably related to any discovery from the initial "pat down." Rather, the post "patdown" searches of appellant's clothing and person, locker, and vehicle were excessively intrusive in light of the infraction of attempting to skip school. Additionally, nothing observed during the patdown or subsequent search of appellant's clothes and person, or locker, would justify Benning's expansion of the search to appellant's vehicle.

*Coronado v. State,* 835 S.W.2d at 641.

In the present case, the Appellant contends the *Coronado* case stands for the proposition that Officer George only had grounds to investigate the Appellant for being out of class and was entitled to only conduct a pat down search at the physical education field, which she did not do. The Appellant asserts that placing him in a custodial situation and ordering him to empty his pockets exceeded the scope authorized in *Coronado,* "for a mere pat down for officer safety."

We do not read the *Coronado* case to stand for the proposition that a school official investigating alleged illegal conduct or infractions of school policy is invariably limited to a pat down search for his or her safety. Here, Officer George initially acted upon a report that the Appellant was carrying a weapon. This was the primary motivation why she detained the Appellant. The truancy aspect of her investigation developed as a result of her attempts to get the Appellant to report to the school administrator. Here, unlike the

situation in *Coronado,* the Appellant's act in emptying his pockets was reasonably related in scope to the circumstances which justified the initial interference; that is, the report of possessing a weapon. Once the contraband was discovered, no further searching resulted and the police were summoned.[2] While it may have been more efficacious from a law enforcement standpoint to initially pat down the Appellant, we find that the search was reasonable from its inception and the search was reasonably related in scope to the circumstances which justified the interference in the first instance. Accordingly, Appellant's sole point of error is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.

---

2. *See Coffman v. State,* 782 S.W.2d 249, 251 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (school official upon discovering contraband did not search further but called police) *cited with approval, Coronado,* 835 S.W.2d at 641.