Affirmed and Memorandum Opinion filed March 31, 2005









Affirmed and Memorandum Opinion
filed March 31, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01254-CR



 

 

SHANNON DAWN LANDRY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On Appeal from the County Criminal Court at Law #9

Harris County, Texas

Trial Court Cause No. 1190522

______________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Shannon Dawn Landry was
charged with misdemeanor possession of marijuana.  After the trial court denied appellant=s motion
to suppress, she pleaded guilty to the charge and the trial court certified her
right to appeal.  On appeal, appellant
argues the trial court erred in denying her motion because the marijuana was
the fruit of an illegal search by Klein School District personnel.  Having concluded the search was both
justified at its inception and reasonably related in scope to the circumstances
initially warranting it, we affirm.  








I.  Factual
Background

A Klein School District (KSD)
police officer observed appellant and another Klein High School student
returning from an off-campus excursion. 
Based on his experience, the officer suspected that appellant and her
companion had violated school rules by leaving campus without permission.  He communicated this information to another
KSD officer, Flavia Cook, who then approached appellant and performed a
pat-down search.  After the search, Cook
escorted appellant to an office to meet with Associate Principal Carl
Harrod.  While there, Cook observed
appellant open her purse and Afumble@ through
it.  Because appellant=s actions
caused Cook to fear there may have been a weapon in the purse, she took it from
appellant and placed it on Harrod=s
desk.  Harrod searched the purse for
weapons and contraband and discovered marijuana.  Appellant was subsequently arrested.  The trial court denied appellant=s motion
to suppress.  She then pleaded guilty to
misdemeanor possession of marijuana, and was sentenced to eighteen months= deferred
adjudication and a $100 fine.  This
appeal ensued. 

II.  Issues
and Standard of Review

In three issues, appellant argues
the trial court erred in overruling her motion to suppress because Cook did not
possess the requisite reasonable suspicion to frisk her and seize her purse,
and Harrod=s search of her purse was not
justified.








We utilize a bifurcated standard
of review in evaluating a trial court=s ruling
on a motion to suppress, giving almost total deference to the trial court=s
determination of historical facts and reviewing de novo the trial court=s
application of the law to those facts.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000). 
Where, as here, a trial court does not file findings of fact, we view
the evidence in the light most favorable to the trial court=s ruling
and presume the trial court made the findings necessary to sustain its ruling,
so long as the record supports those implied findings.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); Kendrick v. State, 93 S.W.3d 230, 233 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d).

III.  Analysis

A.        The law of school searches

In New Jersey v. T.L.O.,
the United States Supreme Court established a two-part test for ensuring a
school official=s search
of a student abides by the reasonableness requirement of the Fourth
Amendment.  U.S. Const. amend. IV; New Jersey v. T.L.O., 469 U.S.
325, 336B37
(1985).  To satisfy the first prong, the
search must be justified at its inception. 
T.L.O., 469 U.S. at 341. 
When reasonable grounds exist to suspect that a search will reveal
evidence the student has violated, or is violating, the law or school rules,
the search is justified at its inception. 
Id. at 341B42; Coronado
v. State, 835 S.W.2d 636, 640 (Tex. Crim. App. 1992).  Under the second prong, the search, as
actually conducted, must be reasonably related in scope to the circumstances
that warranted the search in the first place. 
T.L.O., 469 U.S. at 341. 
This requirement is met if the measures used are reasonably related to
the objectives of the search and are not excessively intrusive in light of the
nature of the infraction and the age and sex of the student.  Id. at 342; Coronado, 835 S.W.2d
at 640.

B.        Are Cook=s and
Harrod=s actions reasonable under T.L.O.?

Appellant argues that because
Cook had no information appellant was armed, dangerous, or had been engaged in
criminal activity, Cook did not possess the requisite reasonable suspicion to
justify the pat-down search or the subsequent seizure of her purse.  Appellant also contends Harrod=s search
of her purse was not justified because he did not possess information that
appellant had been engaged in illegal activity while off campus.  We conclude both Cook=s and
Harrod=s actions
meet T.L.O.=s
requirements.








1.         The pat-down search of appellant

As noted, another KSD officer
advised Cook that appellant was returning from an unauthorized trip off campus
during school hours, a violation of school rules.  Cook testified that in her experience,
students taking such trips often Aare
either smoking or they are doing something they shouldn=t be
doing,@ and
further, that students who leave campus may return with weapons.  Like Cook, Harrod also testified that
students returning from an unauthorized trip off campus could return with a
weapon.  Cook further testified that it
was school policy to perform a pat-down search of truant students returning to
campus.  Cook=s
knowledge that appellant left the campus without permission and her experience
that students who leave campus might return with weapons, establish reasonable
grounds that a pat-down search of appellant would reveal evidence she was
violating or had violated either the law or school rules.  T.L.O., at 341B42; see
Coronado, 835 S.W.2d at 641 (holding principal=s
pat-down search of student attempting to leave campus without permission was
justified for safety reasons); see also Wilcher v. State, 876 S.W.2d
466, 469 (Tex. App.CEl Paso
1994, pet. ref=d) (affirming police officer=s request
that student empty his pockets after principal received a report the student
possessed a gun at school).  Accordingly,
we conclude the pat-down search was justified at its inception.  T.L.O., 469 U.S. at 341B42. 

We next examine whether the
pat-down search was reasonably related in scope to the circumstances that
originally warranted it, thus satisfying the second T.L.O. prong. Id.  Cook testified she performed the pat-down
search for officer safety and limited the search to appellant=s outer
person.  In light of appellant=s age and
sex and the nature of the infraction, we conclude the pat-down search was not
excessively intrusive.  Id. at
342; Coronado, 835 S.W.2d at 640; see also Russell v. State, 74
S.W.3d 887, 893 (Tex. App.CWaco
2002, pet. ref=d) (concluding police officer=s search
of appellant=s pocket after appellant was
observed Amessing with@ the
pocket while in the principal=s office
was not excessively intrusive).  








Viewing this evidence in the
light most favorable to the trial court=s ruling,
we hold Cook=s pat-down search was reasonable
under T.L.O.  Id. at 341B42; Ross,
32 S.W.3d at 855. Appellant=s first
issue is overruled.  

2.         The search of appellant=s purse

Safety fears also justified the
search of appellant=s
purse.  Cook stated that when appellant began to fumble
through her purse, Cook feared for her safety and thus confiscated the
purse.  In that regard, we find Russell
v. State instructive, a case in which a student=s
fumbling through his pants pocket also prompted a search by a school
principal.  74 S.W.3d at 887.  In Russell, the school principal
received a report that three students were smoking in the school=s parking
lot.  Id. at 888.  The principal took Russell to her office,
where she observed Russell Amessing
with@ one of
the pockets of his baggy shorts.  Id.  After Russell refused the principal=s demand
that he empty his pockets, the principal asked Gregory Lee, a Richardson Police
Officer assigned to the campus, for assistance. 
Id. at 889.  Lee performed
a pat-down search of Russell because, in his experience, students who refused
to empty their pockets for school administrators Awere
hiding something . . . a weapon, marijuana, or cigarettes.@  Id. at 889.  The appellate court upheld the search because
the facts known to the officer at the time of the search provided a reasonable
basis to suspect Russell was in possession of a weapon or contraband.  Id. at 893.  The court also determined the search was not
excessively intrusive, in part because it focused mainly on Russell=s
pocket.  Id.  As in Russell, appellant here focused
Cook=s and
Harrod=s
attention on her purse by opening it and looking through it.  Cook=s safety
fears were reasonable in light of her knowledge and experience that students
who leave campus could possibly return with weapons.  See Russell, 74 S.W.3d at 893.  








Further, when Harrod searched the
purse, he was aware that (1) appellant had violated school rules because she
and another student were seen returning to campus after being across the
street; (2) students returning from excursions off campus during school hours
could return possessing contraband or weapons; and (3) Cook confiscated
appellant=s purse for safety reasons
because appellant began to examine its contents.  We also note that at the hearing on the
motion to suppress, appellant=s counsel
admitted that the search of the purse met the first prong of T.L.O.   

Viewing this evidence in the
light most favorable to the trial court=s
suppression ruling, we conclude the search of the purse was justified at its
inception, meeting the first T.L.O. requirement.  T.L.O., 469 U.S. at 341; see also
Coffman v. State, 782 S.W.2d 249, 250 (Tex. App.CHouston
[14th Dist.] 1989, no writ) (upholding search of student A[b]ased
on appellant=s propensity to get into trouble,
coupled with the fact that he was in the hall without a pass and returning from
an area where thefts had previously occurred@); Russell
v. State, 74 S.W.3d at 892B93. 

We also hold Harrod=s search
was reasonably related in scope to the circumstances initially justifying
it.  T.L.O., 469 U.S. at 341.  Both Cook and Harrod testified that students
who left campus without permission sometimes returned with weapons or
contraband.  Thus, a search of appellant=s purse
was reasonably related to the need for the searchCCook=s and
Harrod=s concern
that appellant had violated the law and school rules by possessing a
weapon.  Further, the search was limited
to appellant=s purse, a measure reasonably
related to determining whether appellant possessed a weapon, based on appellant=s
examination of  the contents of her purse
in Cook=s and
Harrod=s
presence.  See Russell, 74 S.W.3d
at 893.  Additionally, the search was not
excessively intrusive because it focused exclusively on the purse.  T.L.O., 469 U.S. at 342; Russell,
74 S.W.3d at 893; but cf. Coronado, 835 S.W.2d at 641B42
(holding search of appellant=s vehicle
was not reasonably related to determining whether appellant was skipping
school).  Viewing the evidence in a light
favoring the trial court=s ruling,
we conclude the second requirement of T.L.O. is met, and the search of
appellant=s purse was reasonable.  T.L.O., 469 U.S. at 342; see
also Russell, 74 S.W.3d at 893. 
Accordingly, we overrule appellant=s second
and third issues.  








In conclusion, we hold the trial
court did not abuse its discretion in refusing to suppress the marijuana
evidence.  Accordingly, we affirm the
trial court=s judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed March 31, 2005.

Panel consists of Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).